SEALED BY ORDER OF THE COURT

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of California

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*11:38 am, Aug 19, 2019*
**JEFFREY P. COLWELL, CLERK**

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 4-19-70997 MAG |
| MATTHEW JAMAIL SEWELL | ) | |
| | ) | Colorado Case No. 19-mj-00192-MEH |
| Defendant | ) | |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   MATTHEW JAMAIL SEWELL                                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21 U.S.C. § 841(a)(1)   Possession with Intent to Distribute Controlled Substances

Date:   06/27/2019

*Issuing officer's signature*

City and state:   Oakland, CA

The Honorable Donna M. Ryu
*Printed name and title*

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*   _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

SEALED BY ORDER OF THE COURT

FILED



JUN 27 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| MATTHEW JAMAIL SEWELL | ) | Case No. 4-19-70997 MAG |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 25, 2019__ in the county of __Alameda__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:

Please see attached Affidavit in Support of Criminal Complaint by HSI Special Agent Daniel Greaves

☑ Continued on the attached sheet.

Approved as to form _____
AUSA | Michelle J. Kane

6/27/19

*Complainant's signature*

HSI Special Agent Daniel Greaves
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/27/2019

*Judge's signature*

City and state: Oakland, CA

The Honorable Donna M. Ryu
*Printed name and title*

Document No.
District Court
Criminal Case Processing

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daniel Greaves, being duly sworn, hereby state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since June 2018. I am currently assigned to the HSI San Francisco, High Intensity Drug Trafficking Area – Transnational Narcotics Team (HIDTA-TNT). I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I make this affidavit in support of an application for a criminal complaint against **MATTHEW JAMAIL SEWELL ("SEWELL")**, date of birth June 2, 1977, for Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). As set forth in further paragraphs below, there is probable cause to believe that on June 25, 2019, in the Northern District of California, **SEWELL** possessed MDMA (ecstasy) and ketamine, with the intent to distribute to other individuals.

3. As a Special Agent (SA) with HSI, my duties include the enforcement of federal criminal statutes, including Titles 18 and 21 of the United States Code, and investigation of criminal violations of those statutes. My training included a 28-week Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center at Glynco, Georgia, and training in various aspects of federal law, immigration law, and investigative techniques. Before becoming an SA, I was employed as an Officer with Customs and Border Protection (CBP), Office of Field Operations (OFO), for approximately four years and worked in the Honolulu, HI and Jackman, ME Field Offices. I have been an employee of the Department of Homeland Security (DHS) for over nine years and began my federal law enforcement career as a United States Border Patrol Agent with CBP, working in the Eagle Pass, TX office in August of 2009.

4.      Through my training, education, and experience, and my conversations with other agents and officers who conduct drug investigations, I have become familiar with drug traffickers' methods of operation, including, but not limited to, the manufacturing, distribution, storage, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

5.      The facts set forth in this affidavit are based upon the following: my own investigation; information obtained from other law enforcement agencies; my review of documents and computer records related to this investigation; oral and written communications with others who have personal knowledge of the events and circumstances described herein; review of public information, including information available on the Internet; review of records received via legal process; and my experience and background as a HSI SA. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, it does not necessarily set forth each and every fact that I, or others, have learned during the course of this investigation. Also, where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, and figures and calculations set forth in this affidavit are approximate, unless otherwise noted.

## APPLICABLE STATUTES

6.      Title 21 United States Code, Section 841(a)(1), provides: "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."

7.      Title 21 of the Code of Federal Regulations, Section 1308.11, lists MDMA (3,4-methylenedioxymethamphetamine) as Schedule I controlled substances. Title 21 of the Code of Federal Regulations, Section 1308.13, lists ketamine as a Schedule III controlled substance.

## STATEMENT OF PROBABLE CAUSE

8.      On or about June 20, 2019, U.S. Customs and Border Protection (CBP) Officers at the Memphis, Tennessee, Federal Express (FedEx) facility seized four (4) parcels. Three of

the parcels contained a combined total of 4.90 kilograms of MDMA and a fourth parcel contained 1.05 kilograms of ketamine. Based on this information SA Patrick Thomas and I began conducting an investigation into the seized parcels. Our investigation revealed that the packages were sent to various privately-run mailbox facilities. One parcel was sent to Alex Williams at 1474 University Ave. #71, Berkeley, California, 94702 ("Mail Facility #1"). A second was sent to Henry Bekens at 3542 Fruitvale Ave. #217, Oakland, California, 94602 ("Mail Facility #2"). A third was sent to Alex Williams at 1442A Walnut St. #311, Berkeley, California, 94709 ("Mail Facility #3"). The fourth was sent to an individual named James Garner.

   9. On or about June 20, 2019, SA Patrick Thomas and I interviewed an employee of Mail Facility #1. The employee stated that Alex Williams had a P.O. box at that location. The employee provided copies of the rental agreement and a Florida driver's license. The employee also confirmed that the individual in the Florida driver's license photograph was the same individual who signed up for the mailbox, paid for the mailbox, and was the only individual who picked up mail from the mailbox.

   10. On or about June 20, 2019, SA Patrick Thomas and I interviewed an employee of Mail Facility #3. The employee stated that Alex Williams had a P.O. box at that location. The employee provided copies of the rental agreement and a Florida driver's license matching the license from Mail Facility #1. The employee also confirmed that the individual in the Florida driver's license photograph was the same individual who signed up for the mailbox, paid for the mailbox, and was the only individual who picked up mail from the mailbox.

   11. On or about June 20, 2019, SA Patrick Thomas and I interviewed employees of Mail Facility #2. The employees stated that Henry Berens had a P.O. box at that location. The employees provided copies of the rental agreement and a Washington driver's license with a photo matching the photo in the licenses from Mail Facilities #1 and #3. The employees also confirmed that the individual in the Washington driver's license photograph was the same

individual who signed up for the mailbox, paid for the mailbox, and was the only individual who picked up mail from the mailbox.

12. In the course of the investigation, I was alerted that CBP had identified additional locations that might be receiving suspicious packages. On or about June 20, 2019, SA Patrick Thomas and I interviewed employees of Jack London Mail, located at 248 3rd St. Oakland, California, 94607 ("Mail Facility #4"). The employees stated that Henry Berens had a P.O. box at that location. The employees provided copies of the rental agreement and a Washington driver's license with a photo matching the photo in the licenses from Mail Facilities #1, #2, and #3. The employees also confirmed that the individual in the Washington driver's license photograph was the same individual who signed up for the mailbox, paid for the mailbox, and was the only individual who picked up mail from the mailbox.

13. On or about June 21, 2019, SA Brad Davis and I interviewed employees of P.O. Plus, located at 584 Castro Street, San Francisco, California ("Mail Facility #5"). The employees stated that James Garner had a P.O. box at that location. The employees provided copies of the rental agreement and a Maryland driver's license with a photo matching the photo in the licenses from Mail Facilities #1, #2, #3, and #4.

14. On or about June 25, 2019, an employee of Mail Facility #4, one of the privately-owned mailbox facilities, informed HSI that the individual she knew as "Henry Berens" had attempted to pick up a package. The employee also informed HSI that she witnessed the individual enter a white, four door, Audi sedan, with a black roof, bearing California License Plate (LP) 7CHE654, and leave the area.

15. A search of law enforcement databases showed that the owner of the vehicle is Matthew SEWELL, who resides at 1659 8th Street, Oakland, California, 96407. The photo in SEWELL's driver's license matches the photos in the Florida, Washington, and Maryland driver's licenses photos that I received from Mail Facilities #1 through #5.

16. On June 25, 2019, HSI HIDTA-TNT executed a Federal Search Warrant at 1659 8th Street, Oakland, California, 94607. During the search, SAs identified and searched

4

SEWELL'S bedroom. SAs identified the bedroom as SEWELL's based on indicia found inside of the room, including a United States Passport (bearing the name Matthew SEWELL), a driver's license (bearing the name Matthew SEWELL), and other documents bearing the name Matthew SEWELL.

17. Inside the bedroom, SAs found 7.8 kilograms of MDMA pills (a Schedule I controlled substance), 5.36 kilograms of crystallized MDMA (a Schedule I controlled substance), 3.56 kilograms of ketamine (a Schedule III controlled substance), 369 grams of psilocybin mushrooms, and 171.5 grams of Sildenafil. I know, from training and experience, that these quantities far exceed the amounts consumed for personal use. SAs also found multiple sets of digital scales, a money counter, and packaging materials, including large quantities of plastic bags of various sizes. I know, through training and experience, that these types of bags are commonly used to package and sell narcotics. SAs also found documents showing SEWELL is linked to multiple P.O. boxes using multiple fraudulent identifications, including identifications in the names of Henry Berens and Thomas Bartram. SAs also found notes with addresses 3871 Piedmont Ave. #86, Oakland, California, 4200 Park Blvd. #623, Oakland, California, 2425 Channing Way Suite B. #552, Berkeley, California, 484 Lake Park Ave. #412, Oakland, California, 584 Castro St. #659, San Francisco, California, "Mail Facility #1", "Mail Facility #2", "Mail Facility #3", and "Mail Facility #4". These addresses are linked to P.O. boxes and fraudulent identifications that were earlier identified through the course of the investigation of the CBP seizures of MDMA and ketamine. SAs also found, in the bedroom, bulk amounts of United States currency, totaling $375,374.00 United States Dollars. Ledgers found in

**SEWELL's** bedroom detailed monetary transactions for narcotics. I believe that the currency found is proceeds from the sale of MDMA and ketamine.

## CONCLUSION

18.   Based upon the aforementioned facts, there is probable cause to believe that on June 25, 2019, in the Northern District of California, **MATTHEW JAMAIL SEWELL** committed the crime of Possession with Intent to Distribute Controlled Substances, to wit, MDMA and ketamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

Dated: June 27, 2019                                        6/27/2019
                                                                                Daniel Greaves
                                                                                Special Agent
                                                                                Homeland Security Investigations

Subscribed to and sworn to before me this 27th day of June, 2019

_____
THE HONORABLE DONNA M. RYU
United States Magistrate Judge